UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL AHO KENNEDY,

    Defendant.
_____/

Case No. 1:15-cr-183

HON. JANET T. NEFF

# ORDER

Pending before the Court is Defendant's Objection to Writ of Garnishment (Dkt 58) and Request for Hearing (Dkt 59). The government filed a response in opposition on August 2, 2016 (Dkt 63).

On November 30, 2015, Defendant pleaded guilty to Counts 6 and 8 of a multi-count Indictment with mail fraud and making and subscribing to a false amended U.S. individual income tax return. On April 11, 2016, this Court entered its Judgment (Dkt 38). On Count 6, the Court sentenced Defendant to 72 months' imprisonment, to be followed by 2 years of supervised release; Restitution of $1,214,898.30; and a Special Assessment of $100.00 (*id.*). On Count 8, the Court sentenced Defendant to 36 months' imprisonment, to be followed by 1 year of supervised release; Restitution of $173,568.72; and a Special Assessment of $100.00 ($200.00 total) (*id.*). The Judgment provided, in pertinent part, that Defendant "shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to any outstanding court-ordered financial obligations" (*id.* at PageID.234). The government

indicates that Defendant paid his special assessment on June 20, 2016 and has made payments totaling $25.00 towards his restitution (Dkt 63 at PageID.435).

On June 6, 2016, a writ of continuing garnishment was issued against Defendant's portion of his ex-wife's pension account at Michigan Public School Employees Retirement System (Dkt 50). Defendant filed this objection to the writ on June 29, 2016, requesting the Court quash the garnishment due to hardship "because of the State freezing Kennedy's pension" and noting that the State Bar of Michigan Client Protection Fund is making a payment to one of his victims and is considering a payment to another victim (Dkt 58 at PageID.407-408). For the reasons more fully set forth by the government in its response (Dkt 63 at PageID.436-439), the government's restitution lien has priority over the State's civil suit, and any payment from the State Bar of Michigan Client Protection Fund to one of Defendant's victims has no impact on his restitution obligation. Moreover, Defendant has not claimed (1) any statutory exemptions or (2) any failure by the government to comply with statutory requirements, and (3) the judgment imposing his restitution debt was not by default. *See* 28 U.S.C. § 3202(d). Accordingly, the Court determines that Defendant has not raised any issue that would justify the quashing of the writ of garnishment issued in this case and that no hearing on this issue should be scheduled. Therefore:

**IT IS HEREBY ORDERED** that Defendant's Objection to Writ of Garnishment (Dkt 58) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Request for Hearing (Dkt 59) is DENIED.

Dated: August 10, 2016         /s/ Janet T. Neff
                               JANET T. NEFF
                               United States District Judge